No. 11,210.

TOWN OF GREEN MOUNTAIN FALLS *v.* DOW, ET AL.

Decided April 6, 1925.

Action for money due.    Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1.    APPEAL AND ERROR—*Demurrer—Question on Review.*  Where a demurrer to answer and cross-complaint is sustained, and defendant stands on his pleadings, the only question to be considered on review is whether the answer or cross-complaint state facts sufficient to constitute a defense or cause of action.

2.    VENDOR AND PURCHASER—*Title—Pleading.*  In an action for purchase money, a general impeachment of title is not sufficient where defects in title are relied on in defense.    The answer must allege facts which specifically show wherein the vendor's title is defective or has failed.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. ALLEN, WEBSTER & DRATH, for plaintiff in error.

Messrs. STRACHAN & HORN, for defendants in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by vendors against a purchaser to recover a balance alleged to be due on the purchase price of the property sold.    Judgment for plaintiffs.    Defendant brings the case here on error, and applies for a supersedeas.

The complaint alleges, in substance, that defendant, a municipal corporation, purchased from plaintiffs all their interest in a certain corporation, at the agreed price of $4,350, all of which has been paid except the sum of $300, which is sued for.

The defendant filed a substituted amended answer and cross complaint. A demurrer thereto was sustained by the court, and defendant elected to stand on its answer and cross complaint. The only question which need be considered is whether the answer and cross complaint, or either one, state facts sufficient to constitute a defense or a cause of action.

The answer and cross complaint contain practically the same allegations. The answer sets forth the contract of option pursuant to which the property was purchased. It was agreed in such contract that the vendors would deliver to the purchasers an "abstract showing clear title" to the property held by the corporation hereinbefore referred to. The answer alleges, in effect, that abstracts of title were delivered, but it is further alleged "that said abstracts wholly failed to show clear and proper title" in the corporation. Whether it is meant that there were defects in the title or defects in the abstract of title is immaterial. In either event the answer should have alleged what those defects were. In *Smith v. Howard*, 32 Ky. Law Rep. 211, 105 S. W. 411, the court said: "Appellant should in any event have pleaded the facts concerning the alleged defects, that the court might have determined whether they were in fact defects in the title."

In an action for the purchase money, a general impeachment of title is not sufficient, where defects in title are relied on in defense. The answer must allege facts which specifically show wherein the vendor's title or chain of title is defective or has failed. 39 Cyc. 1961.

There was no error in sustaining the demurrer. The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.